# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RAY F. COLLINS** and **CATHY COLLINS**,
Individually, as Guardians of **ARISSA GARCIA**,
a Minor, and as Co-Personal Representatives of
the Wrongful Death Estates of **RENEE
COLLINS-GONZALES**,Deceased,
**ALISHA GARCIA**, Deceased,
**JACQUELYNN GONZALES**, Deceased,
and **SELENA GONZALES**, Deceased,

   Plaintiffs,

vs.               No. **CIV 08-78 MCA/WDS**

**AMERICA WEST AIRLINES, INC.**,
d/b/a **US AIRWAYS**,
**EVER-READY OIL CO., INC.**,
d/ba **CHEVRON REDI-MART**,
**SHANNA LOVATO**, **CARL SMITH**,
**JOHN DOE 1**, **STEPHANIE PAPST**,
in her capacity as Personal Representative
of the **ESTATE OF DANA J. PAPST**,
and **THE SANTA FE OPERA**,

   Defendants.

## MEMORANDUM OPINION AND ORDER

   **THIS MATTER** comes before the Court on *Plaintiffs' Motion to Remand* [Doc. 18] filed on February 21, 2008.  Having reviewed the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case does not satisfy the statutory requirements for subject-matter jurisdiction and must be remanded to the Fourth Judicial District Court for the County of San Miguel, State of New Mexico.

On November 30, 2006, Plaintiffs filed a civil action in state court against Defendants Stephanie M. Papst and the Estate of Dana J. Papst asserting a claim for wrongful death arising from a motor-vehicle collision in which the decedents and Arissa Garcia were struck by a truck being driven by Dana J. Papst. [Doc. 7.] Plaintiffs' *Complaint* was subsequently amended to add other Defendants, including America West Airlines, Inc., doing business as US Airways (hereinafter "the Airline").

In the *Second Amended Complaint* filed on November 5, 2007, Plaintiffs allege that the Airline served alcoholic beverages to Mr. Papst during a flight which preceded the fatal collision. Specifically, Plaintiffs allege "New Mexico Common Law and Dramshop Liability Claims" against the Airline in Count II of the *Second Amended Complaint*. Counts VIII and IX of that pleading also assert claims for negligent infliction of emotional distress and loss of consortium against all Defendants. [Doc. 15.]

On January 22, 2008, the Airline removed this action to the United States District Court for the District of New Mexico on the grounds that "Plaintiffs claims raise substantial, disputed issues of federal law relating to the regulation of the national airline industry, and these issues must be resolved as a predicate for Plaintiffs to obtain the relief they seek." [Doc. 1.] On February 21, 2008, Plaintiffs moved to remand the action to state court on the grounds that their claims against the Airline do not raise the type of federal question necessary to remove a case to the United States District Court under 28 U.S.C. § 1331. [Doc. 18.]

Similar arguments for and against removal were raised in a related case that is captioned Gonzales v. Ever-Ready Oil, Inc., No. CIV 07-1181 JAP/DJS (D.N.M. notice of

removal filed Nov. 20, 2007).  In a thorough and thoughtful opinion recently filed in that case, Senior United States District Judge James A. Parker reasoned that the type of state-law claims which Plaintiffs seek to assert against the Airline here are not legally sufficient to invoke federal jurisdiction under the framework articulated in Grable & Sons Metal Products v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), and its progeny.  Accordingly, Judge Parker remanded that case to state court on May 2, 2008.  See Gonzales, No. CIV 07-1181 JAP/DJS, supra, Doc. 37.

     I agree with Judge Parker's analysis, and for substantially the same reasons he has stated in Gonzales, I conclude that the present case also must be remanded to state court pursuant to 28 U.S.C. § 1447(c) due to the lack of subject-matter jurisdiction.  I also find, however, that the Airline had an objectively reasonable basis for asserting its novel (but ultimately incorrect) arguments in favor of removing this case.  Accordingly, the Court declines to award attorney fees or costs to Plaintiffs.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

     **IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Remand* [Doc. 18] is **GRANTED.**

     **IT IS FURTHER ORDERED** that this action is remanded to the Fourth Judicial District Court for the County of San Miguel, State of New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorney fees.

**SO ORDERED**, this 12th day of May, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge